PARO ASTOURIAN, ESQ. (SBN 225488)
 *paro@astourianlaw.com*
JAMES R. GALLIVER, ESQ. (SBN 246466)
 *j.galliver@astourianlaw.com*
**ASTOURIAN & ASSOCIATES, INC.**
301 N. Lake Ave., Suite 1000
Pasadena, CA 91101
Tel: (626) 795-7922
Fax: (626) 795-6884

**Attorneys for Plaintiff:**
**Margaretha Natalia Widjaja**

Karin L. Bohmholdt, Esq. (SBN 234929)
Blakeley S. Oranburg, Esq. (SBN 309732)
Catalina V. Kelly (SBN 322643)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: bohmholdtk@gtlaw.com; oranburgb@gtlaw.com; kellyca@gtlaw.com
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant:
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARETHA NATALIA WIDJAJA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Case No.: 2:19-cv-07825-MWF-AFM<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT

1

*ACTIVE 62710676v1*

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated January 12, 2022 (Dkt. 153), plaintiff Margaretha Natalia Widjaja ("Plaintiff") and defendant JPMorgan Chase Bank, N.A. ("Chase") (collectively, the "Parties") submit the following Joint Status Report.

## I.    CASE BACKGROUND

### A.    Case History Prior to The Ninth Circuit's Opinion

Plaintiff initiated this action in state court.  On September 10, 2019, Chase removed this action to federal court.  On April 27, 2020, Plaintiff filed her Third Amended Complaint ("TAC") only against Chase.  Plaintiff's TAC alleged four causes of action for: (i) Refund of Unauthorized Charges pursuant to the Electronic Funds Transfer Act (15 U.S.C. §§1693, et seq.) (the "EFTA") and the California Funds Transfer Act (Cal. Comm. Code §§11101, et seq.) (the "Cal. FTA"); (ii) Breach of Contract; (iii) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (iv) Negligence.  Plaintiff claims that there were unauthorized charges on her Chase account that Chase refused to reimburse.

The Court granted Chase's Motion to Dismiss the TAC in its entirety and without leave to amend on July 24, 2020. (Dkt. 134.)  Plaintiff appealed the Order.  On December 20, 2021, the Ninth Circuit affirmed in part and reversed in part the Court's ruling and remanded this case to this Court.  (Dkt. 148.)

### B.    The Ninth Circuit's Opinion

The Ninth Circuit *reversed* this Court's ruling as to Plaintiff's first claim under the EFTA and the Cal. FTA.

The Ninth Circuit *affirmed* this Court's ruling dismissing Plaintiff's other causes of action.

The Ninth Circuit also found that Plaintiff shall recover her costs on appeal.

/ / /

/ / /

JOINT STATUS REPORT

## II.    THE PARTIES' POSITION FOLLOWING THE PARTIAL REVERSAL

**Plaintiff's Position**

Based on the Ninth Circuit's Opinion, Plaintiff's first claim under the EFTA and the Cal. FTA remains based on 15 U.S.C. §1693g(a), which provides that the financial institution has the burden of establishing that the unauthorized charges would not have occurred but for the failure of the consumer to report the unauthorized charges within the 60-day statutory reporting period.  Plaintiff disagrees with Chase's interpretation of the Ninth Circuit's decision, including the parties' burdens and the scope of the case.

The Ninth Circuit held that Plaintiff has met her pleading burden by alleging that Chase became aware of a security breach that enabled unknown individuals to make an unauthorized withdraw of $29,000 from her account yet, Chase took no action to protect her account from further unauthorized withdraws despite having a strong financial incentive to do so.  (Slip Op. at 11.)

The Ninth Circuit went on to explain that for Chase to hold Plaintiff liable for subsequent losses, even if her "extenuating circumstances" and "constructive notice" arguments fail, Chase will still have to explain why its response to the notice from Plaintiff herself would have been substantially different from its (non)response to the notice it received from Union Bank.  (Slip Op. at 12.)  In that regard, the Ninth Circuit recognized that even if a consumer fails to report an unauthorized transfer within the prescribed 60-day reporting period, the consumer's liability is not automatic.  Rather, the consumer may only be held liable if the *bank* establishes that those transfers would not have occurred *but for* the failure of the consumer to timely report the earlier unauthorized transfer.  (Slip Op. at 10.)

The Ninth Circuit held that at the pleading stage, Plaintiff's allegations plausibly suggest that some sort of failure in the bank's fraud-prevention procedures occurred with respect to her checking account, and gives rise to a reasonable inference that Chase would not have taken action to prevent subsequent losses even if she had reported the initial unauthorized withdrawals within the 60-day period. (Slip Op. at 12.)  Plaintiff's position,

JOINT STATUS REPORT

3

therefore, is that the "extenuating circumstances" and the "constructive notice" arguments are no longer relevant to the analysis of this case.

Therefore, Plaintiff believes that this dispute now centers on the facts that would prove or disprove that the unauthorized charges occurring on Plaintiff's account would not have occurred but for Plaintiff's failure to report the prior unauthorized charge on her account within the 60-day statutory reporting period. These issues involve: (1) what communications Chase had with Union Bank concerning activity on Plaintiff's account; and (2) the reasons for Chase's failure to implement any protective measures following its knowledge that there was fraudulent activity on Plaintiff's account.

**Chase's Position**

Chase does not agree with Plaintiff's reading of the Ninth Circuit decision, the burdens that will be imposed, or the summary of what the case will entail. With just one narrow exception, the Ninth Circuit affirmed all of this Court's holdings dismissing all of Plaintiff's claims and rejecting Plaintiff's "extenuating circumstances" excuse for not timely reporting unauthorized activity under the EFTA. The Ninth Circuit further agreed with this Court in rejecting Plaintiff's argument that "constructive notice" of an unauthorized charge could come from anyone other than the Plaintiff herself or her authorized agent. The Ninth Circuit held that this Court "properly rejected" the argument that Widjaja did not need to report unauthorized activity on the grounds that Chase "was already aware of the initial $29,000 withdrawal in November of 2017 by virtue of its communications with Union Bank." (Slip Op. at 8-9.)

The Ninth Circuit reversed the dismissal of the First Cause of Action on a very narrow basis "at the pleading stage." (Slip. Op. at 12.) Specifically, the Ninth Circuit held that a Plaintiff bears the burden of pleading facts to show that, "even if she had reported an unauthorized transfer within the 60-day period, the subsequent unauthorized transfers for which she seeks reimbursement would still have occurred." (Slip. Op. at 11.) The Ninth Circuit explained that, at the pleading stage, Widjaja had pled enough to

JOINT STATUS REPORT

4

give rise to a reasonable inference that Chase would not have taken action even if she had reported timely.  (Slip Op. at 12.)  But, the Ninth Circuit pointed out that "[a]t a later stage in the case, Chase may be able to provide [an] explanation" as to "why its response to notice from Widjaja herself would have been substantially different from its (non-response to the notice it [allegedly] received from Union Bank." (Slip Op. at 12.)

Thus, the case has been substantially narrowed, and will likely focus on, at the very least, (1) whether the charges at issue actually were unauthorized or, as may be the case, conducted by someone Widjaja granted access to; (2) the truth of Plaintiff's allegation that Union Bank supposedly conferred with Chase and that Chase and Union Bank determined that Plaintiff's account had been compromised (an allegation Chase believes is false); (3) if the allegation regarding Union Bank turns out to have any truth to it, whether – had Widjaja reported that transactions in her account were not authorized by her –the subsequent charges would not have occurred.

In addition, defenses such as unclean hands, Widjaja's own breach of her agreement with Chase in providing electronic or other access to her account to third parties, laches, and other defenses will be at issue.

## III.    PROPOSED DATES GOING FORWARD

The Parties anticipate that they will conduct discovery regarding such facts when permitted pursuant to the Federal Rules of Civil Procedure.

The Parties have met and conferred and are in agreement that this action would be appropriately set for trial as mentioned below.

The Parties will begin conducting discovery as soon as they are permitted to do so pursuant to Federal Rules of Civil Procedure Rule 26(d)-(f).

Plaintiff anticipates that she will be ready to conduct a Rule 26(f) conference and make initial disclosures in approximately one month.  Chase anticipates that it will be ready to conduct a Rule 26(f) conference and make initial disclosures in approximately 60 days.

Plaintiff anticipates that she will be able to complete non-expert discovery within

*ACTIVE 62710676v1*

approximately three months of the parties' initial disclosures (by about the end of May 2022). Chase anticipates that it will be able to complete non-expert discovery by September of 2022.

Plaintiff believes that this action would be appropriately set for trial by August 2022, and notes that her lead counsel will be engaged trials in other state court actions scheduled for September 19, 2022, and October 3, 2022. Chase believes that this action would be appropriately set for trial in approximately December of 2022 and further notes that its lead counsel is not available for trial in August, with a pre-paid trip out of the country set for July 26-August 9, 2022.

Respectfully submitted,

Dated: February 22, 2022          ASTOURIAN & ASSOCIATES, INC.

By:     /s/ Paro Astourian
            Paro Astourian, Esq.
            Attorneys for plaintiff Margaretha Natalia Widjaja

Dated: February 22, 2022          GREENBERG TRAURIG, LLP

By:     /s/ Karin L. Bohmholdt
            Karin L. Bohmholdt, Esq.
            Attorneys for defendant JPMorgan Chase Bank, N.A.

JOINT STATUS REPORT
6

## ECF CERTIFICATION

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the foregoing counsel, on whose behalf this filing is jointly submitted, have concurred in this filing's content and has authorized me to file this document.

By: /s/ *Paro Astourian*
Paro Astourian

---

ACTIVE 62710676v1